W. R. Fawcett v. Commissioner.
W. Fawcett v. Commissioner
Docket No. 7018.
United States Tax Court
1947 Tax Ct. Memo LEXIS 282; 6 T.C.M. (CCH) 252; T.C.M. (RIA) 47059; March 5, 1947
George F. Meitner, C.P.A., 711 Wright & Callender Bldg., 405 S. Hill St., Los Angeles, Calif., for the petitioner. Byron M. Coon, Esq., for the respondent. HILL
Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined a deficiency in petitioner's income tax liability for 1940 in the amount of $839.50. An issue with respect to automobile expense and depreciation was abandoned by petitioner at the hearing. The remaining question is whether the income of certain trusts is taxable to petitioner. Petitioner filed his return for 1940 with the *283 collector of internal revenue for the sixth district of California. Findings of Fact Petitioner is an individual residing in Los Angeles, California. Petitioner's first wife died December 4, 1935. The children of the first marriage were Isabel, born September 1, 1921, and William R., born September 30, 1915. At the time of the hearing Isabel was married and had a daughter and William R. had been married and divorced, having no children. By written declarations dated December 15, 1935, petitioner created two trusts for the benefit of Isabel and William R., respectively, who were then minors living with petitioner, who furnished their support. By the instrument establishing the trust for the benefit of Isabel, petitioner constituted himself trustee and declared that he held in such capacity 1,000 shares of the Filtrol Company of California. The trustee is "To receive and collect the principal and income of the Trust Estate and after the payments and deductions hereinafter mentioned, to pay or accumulate, and/or use or invest, hold, apply, and distribute the same to and for the purposes hereinafter stated, and/or the use and benefit of ISABEL FAWCETT, * * *". It is further provided *284 that: The net income from said Trust Estate and available for distribution shall be, by the Trustee, paid and distributed in quarterly, or other convenient installments, to said Isabel Fawcett during her natural lifetime. Upon her death, the Trust Estate shall be distributed in accordance with her testamentary disposition thereof; or, in the event she fails to make a testamentary disposition thereof, and dies leaving lawful issue surviving, the Trust Estate shall be forthwith, upon her demise, transferred and distributed to such issue in equal shares, per stirpes; or, should she fail to make testamentary disposition thereof and no lawful issue survive her, then the Trust Estate shall be forthwith, upon her demise, transferred and distributed to her heirs at law in accordance with the laws of Succession of the State of California. The duration of this Trust shall in no event, nor by any possibility extend beyond the death of said ISABEL FAWCETT. It is provided that: Income accrued and/or undistributed at the termination of any interest or estate hereunder shall belong and go to the beneficiary or beneficiaries entitled to the next eventual estate in the same proportions as the *285 principle [principal] thereof. The powers of the trustee are broad and include the power to retain the trust property or exchange and reinvest it, to invest in securities whether or not permissible by law as trust investments, to determine what is principal, gross income and distributable income, to exercise with respect to any trust security all the rights, powers and privileges of an owner. It is further provided that the trustee's discretion unless specifically limited should be absolute and uncontrolled and conclusive on all persons. The powers and discretion thus granted were not limitations and the trustee was further vested with "the same and all the powers and discretions that an absolute owner of property has or may have." There is a spendthrift provision and provision for successor corporate trustees in the event petitioner resigned or was otherwise unable to act as trustee. The trust for the benefit [of] William R. is, in all material respects, the same as Isabel's trust, except that: * * * Upon the death of WILLIAM R. FAWCETT, JR., (1) leaving lawful issue surviving, said Trust Estate shall be forthwith upon his demise transferred and distributed to such issue *286 in equal shares per stirpes; (2) should he die leaving no lawful issue surviving, the Trust Estate shall be forthwith upon his demise transferred and distributed to his sister, ISABEL FAWCETT, or if she does not survive him and dies, leaving lawful issue then to such issue in equal shares per stirpes; (3) should he die leaving no lawful issue and his sister, ISABEL FAWCETT, does not survive him and leaves no lawful issue surviving her, then said Trust Estate shall be forthwith upon his demise transferred and distributed to his heirs at law in accordance with the laws of succession of the State of California. Both trusts are silent with respect to revocability. Petitioner married a second wife, Priscilla Damon, March 1, 1941. Of this second marriage two children were born, a son on November 13, 1943, and a daughter on December 11, 1946. On December 9, 1943, a conference was held between petitioner's accountant and the local internal revenue agent with respect to petitioner's 1940 income tax liability. The local agent at that time indicated that the income from the two trusts was considered taxable to petitioner. On May 12, 1944, Isabel and William R., as complainants, brought *287 action No. 493283, for declaratory relief in the Superior Court of the State of California in and for the County of Los Angeles. Petitioner, as trustee, Priscilla Damon Fawcett, individually, and as representative of each and every class of unborn, future or contingent beneficiaries and remaindermen under the declarations of trust, were named as defendants. John D. Fredericks, Jr., of Fredericks & Fredericks, attorneys for petitioner herein, signed the complaint on behalf of Isabel and William R. The Superior Court on August 23, 1944, entered a judgment and stipulation as follows: Pursuant to stipulation of counsel, NOW, THEREFORE, by virtue of the law and the premises, IT IS ORDERED, ADJUDGED, DECREED AND DECLARED: That each of the trusts, copies of which are attached hereto, are, and were at the time of their inception, to-wit, on the 15th day of December, 1935, irrevocable trusts, any wording or lack of wording in said trusts to the contrary notwithstanding. Dated: August 23, 1944. This judgment and stipulation was approved for entry by J. B. Irsfeld, on behalf of Priscilla Damon Fawcett, by petitioner on his own behalf, and by John D. Fredericks, Jr., on behalf of Isabel *288 and William R.J.B. Irsfeld was customarily one of petitioner's attorneys and had drawn the trust instruments involved. On September 19, 1944, a conference was had with the local Technical Staff of the Bureau of Internal Revenue with respect to petitioner's 1940 income tax liability at which the government representative indicated that the income from the two trusts was considered taxable to petitioner despite the judgment and stipulation of the Superior Court above mentioned. On April 26, 1945, a second action, No. 499817, for declaratory relief was instituted in the Superior Court in behalf of Isabel and William R., as complainants. Petitioner, individually, as trustor and trustee, and Priscilla Damon Fawcett, petitioner's second wife, and Damon Fawcett, son by his second wife, individually and as representative of each and every class of unborn, future or contingent beneficiaries and remaindermen under the declarations of trust, were named defendants. The complaint was signed by John D. Fredericks, Jr. On the same day the Superior Court made findings of fact and conclusions of law and entered judgment thereon. The Superior Court determined in its findings of fact, inter alia: *289 That so long as defendant, W. R. FAWCETT, shall act as Trustee he shall have the discretionary right either to accumulate or distribute the net distributable income from the trusts herein involved, but that upon the appointment of any successor to the said W. R. FAWCETT, then and in that event the net income from said trust estates shall be distributed quarterly to plaintiffs herein. The Court determined as a conclusion of law, inter alia: That the trusts herein involved, being plaintiff's Exhibits "A" and "B", copies of which are attached to plaintiff's complaint herein and by reference made a part hereof the same as though fully set forth herein, are and were, at the time of their inception, to wit, on the 15th day of December, 1935, irrevocable trusts. In his individual income tax return for 1940 petitioner did not report any income from the two trusts. Respondent, in determining a deficiency in petitioner's income tax liability for 1940, included in petitioner's income the amount of $5,875.70. This amount represents income of the Isabel and the William R. Fawcett trusts in the respective amounts of $3,685.25 and $2,190.45. In the statement accompanying the deficiency notice, *290 respondent stated: (d) Income of W. R. FAWCETT, Jr. Trust $2,190.45 and income of Isabel Fawcett Trust $3,685.25 are included in your income under the provisions of the Internal Revenue Code. Respondent has not attempted to attribute to petitioner the income from the two trusts here involved for any other year. Opinion Respondent argues that since the trusts are silent concerning revocability that they are therefore revocable under section 2280 of the Civil Code of California[1] notwithstanding the state court's determination to the contrary and that consequently the income of the trusts is taxable to petitioner under section 166 of the Internal Revenue Code. Respondent also contends that the income from the trusts is taxable to petitioner under section 22 (a) of the Internal Revenue Code because of his control over the trusts in terms of broad managerial power, coupled with the power to pay to the primary beneficiaries or accumulate for the remaindermen the income of the trusts. Petitioner, on the other hand, contends that the trusts are not revocable relying in this connection on the intent of the parties and the state court's *291 determination. Petitioner further argues that respondent is estopped from attributing the income of the trusts to petitioner for 1940 because respondent has not attempted to do so in other years. Petitioner is taxable on the income from the trusts for the taxable year 1940 under section 22 (a) and the rationale of Louis Stockstrom, 3 T.C. 255, affirmed in this connection 148 Fed. (2d) 491, certiorari denied, 66 S. Ct. 23, 326 U.S. 719. Petitioner, as trustee of the trusts he created, enjoyed very broad powers of managerial control. These have been set out in the facts and need not be repeated except to note that *292 such powers far exceed in scope the usual chancery concepts. In addition to these broad managerial powers petitioner, as trustee, had the power during his lifetime in his uncontrolled discretion to pay to the primary beneficiaries the income from the trusts or accumulate it for the benefit of the remaindermen. During the taxable year petitioner, as trustee, did accumulate the income of the trusts. The Superior Court of California found as a fact that petitioner had such power. The trust instruments provided that accumulated income at the termination of any interest or estate in the trust went to the next estate. Under these circumstances petitioner had the power in his discretion either to pay current income to the primary beneficiaries or to accumulate it so that it would go to the remaindermen. This aspect of the case brings it within the rationale of such cases as Louis Stockstrom, supra; Ben F. Hopkins, 5 T.C. 803, affirmed 157 Fed. (2d) 679; Harold F. Jones, 6 T.C. 412. We hold that the income from the trusts during 1940 was taxable to petitioner under section 22 (a), Internal Revenue Code. This disposition *293 of the case makes it unnecessary to consider the revocability or irrevocability of the trusts or the effect of the state court's determinations in this connection. By amended petition petitioner raised the issue of estoppel. In this connection petitioner contends that since respondent has not attempted in other taxable years to attribute the income from the trusts to petitioner, respondent is estopped from doing so with respect to 1940. This argument is without merit. There is no element here of representations made by the Government on which petitioner relied to his detriment. See Mertens Law of Federal Income Taxation, sections 60.02 and 60.13. We reject this argument. Decision will be entered for respondent. Footnotes
1. The Civil Code of California (Deering, 1941) provides as follows Section 2280. Revocation of trusts. Unless expressly made irrevocable by the instrument creating the trust, every voluntary trust shall be revocable by the trustor by writing filed with the trustee. When a voluntary trust is revoked by the trustor, the trustee shall transfer to the trustor its full title to the trust estate. Trusts created prior to the date when this act shall become a law shall not be affected hereby. [Enacted 1872; Am. Stats. 1931, p. 1955.]↩